UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JAGDEV SINGH;
KULDEEP SINGH

                      Plaintiffs,

        -against-

MANDEEP KAUR;
MANMOHAN SINGH;
TALICO CONTRACTING INC.

                      Defendants

-----------------------------------------------------------------------X

*Civil Action No.*
*19 - 6927*

**COMPLAINT**

       Plaintiffs as and for their complaint as against the defendants allege as follows:

## NATURE OF THE ACTION

    1.     This action is brought to recover unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid prevailing wages, unpaid supplemental benefits and other monies due plaintiff from defendants pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq.("NYLL") and applicable contracts and agreements, plaintiff having work at construction sites at various locations within New York City.

    2.     In addition, defendants failed to provide to the plaintiff proper wage notices

and wage statements as required by applicable law and regulations and is liable for damages under Article 6 of the NYLL.

## JURISDICTION

3.      This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337 and 1343 and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law and contract and agreement pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as plaintiffs reside in Queens within the Eastern District of New York.

## THE PARTIES

**Plaintiffs**

5.      Plaintiffs both reside in Queens and were employed at construction sites within New York City by the defendants, their respective agents, servants, employees and assigns.

6.      Plaintiffs were defendants' employee within the meaning of the FLSA and the NYLL and the defendants were subject to the provisions of the NYLL and the FLSA and applicable contracts and agreements.

7.      Specifically, plaintiff KULDEEP SINGH was employed by the defendants from approximately November 2014 until early March 2018. He worked erecting and taking down scaffolds. His locations of work varied during that period of time. During the

weekdays, Monday through Friday, plaintiff worked at locations consisting of properties owned, managed, operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA). He worked on Saturdays at NYCHA properties twice each month and on the other Saturdays he worked at various other locations that he believes are not NYCHA properties. He generally worked starting at 7 AM until 5 PM. He had a 30 minute lunch break. He was paid in cash at the rate of $120.00 per day until sometime in 2015. Then he was paid by check in varying amounts.

8.     Specifically, plaintiff JAGDEV SINGH was employed by the defendants from approximately May 2013 until mid March 2018. He worked erecting and taking down scaffolds. His locations of work varied during that period of time. During the weekdays, Monday through Friday, plaintiff worked at locations consisting of properties owned, managed, operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA). He worked on Saturdays at NYCHA properties twice each month and on the other Saturdays at various other locations that he believes are not NYCHA properties. He generally worked starting at 7 AM until 5 PM. He had a 30 minute lunch break. He was paid in cash at the rate of $120.00 per day until sometime in 2015. Then he was paid by check for varying amounts.

**Defendants**

9.     Defendant TALICO CONTRACTING INC is a New York corporation that is engaged in construction work and during the period of plaintiffs employment it performed certain construction activities at sites around the City of New York.

10.     Defendant TALICO CONTRACTING INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. It has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

11.     Defendant MANDEEP KAUR is a natural person engaged in business in the City and State of New York and was engaged in construction work and performed certain construction activities at sites within New York City; she is believed to be a owner, stockholder, principal, officer, managing agent, agent of the defendant corporation; it is believed that she exercised sufficient control over the operation of the defendant corporation to be considered plaintiffs' employer under the FLSA and NYLL and applicable law and regulation, agreements and contracts and at all times material herein established and implemented the pay practices at the defendant corporation.

12.     Defendant MANMOHAN SINGH is a natural person engaged in business in the City and State of New York and was engaged in construction work and performed certain construction activities at sites within New York City; he is believed to be a owner, stockholder, principal, officer, managing agent, agent of the defendant corporation; it is believed that he exercised sufficient control over the operation of the defendant corporation to be considered plaintiffs' employer under the FLSA and NYLL and applicable law and regulation, agreements and contracts and at all times material herein established and implemented the pay practices at the defendant corporation.

## THE LAW REGARDING "PREVAILING WAGES"

13.　The plaintiffs performed construction work at various NYCHA locations within the City of New York and under law and regulation they were to be paid at the prevailing wage rate and also paid supplemental benefits applicable to such work and such prevailing wages and supplemental benefits were due each of them in accordance with agreements and contracts made by the defendants with third parties including but not limited to the NYCHA.

14.　It is also believed that the defendants promoted a scheme to fraudulently report to others including the NYCHA who was working at the various locations, the hours such persons worked, the nature and manner of work being performed by the persons such as the plaintiffs, the wages paid to plaintiffs, the rates at which those wages were paid and other information so as to garner for their own personal benefit or for the benefit of each other additional sums that were rightly due the plaintiffs but pocketed by the defendants.

15.　Such actions and representations were in violation of law and regulation and agreement and contract of which the plaintiff's were third party beneficiary.

## FAILURE TO PAY MINIMUM WAGES AND OVERTIME PREMIUM WAGES AND FOR ACTUAL HOURS WORKED

16.　The FLSA and NYLL require that employers pay all employees at a rate no less than the applicable minimum wage rate and an overtime premium rate of one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40)

during any workweek, unless they are exempt from coverage.

17.    The plaintiffs performed work for a period in excess of 40 hours per week but were not paid at a rate equal to or greater than the applicable minimum wage rate nor were they paid at the premium rate applicable to the overtime hours each worked

18.    Defendants did not pay plaintiffs any overtime premium for hours worked in excess of forty (40) in a given week.

19.    Defendants did not regularly record the actual hours worked by the plaintiffs.

### PLAINTIFFS WERE PAID BY CASH AND WERE NOT PROVIDED THE OTHER INFORMATION EACH WAS TO RECEIVE UNDER APPLICABLE LAW AND REGULATION

20.    Plaintiffs were sometimes paid by cash.

21.    When defendants did make payments to the plaintiffs, they failed to provide plaintiffs with an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether they were being paid by the hour, shift, day, week, salary, piece, commission, or otherwise; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed and net wages.

### FIRST CLAIM
### (Fair Labor Standards Act-Unpaid Overtime)

22.    Plaintiffs repeat and reallege paragraphs 1 through 21 as if fully set forth

herein.

23.     Defendants were required to pay plaintiffs no less than at the applicable minimum wage as well as at the rate of one and one-half (1½) times the regular rate for all hours they worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

24.     Defendants failed to pay plaintiffs the minimum wages and/or overtime premium wages they were entitled to receive for their work.

25.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs the wages each was due as described above.

26.     Due to defendants' violations of the FLSA, plaintiffs are entitled to recover their respective unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post- judgment interest.

**SECOND CLAIM**
**(New York Labor Law-Unpaid Overtime)**

27.     Plaintiffs repeat and reallege paragraphs 1 through 26 as fully set forth herein.

28.     Under the NYLL and supporting regulations, defendants were required to pay plaintiffs at no less than the minimum wage rate and at one and one half (1½) times their regular rate for all hours each worked in excess of forty (40) hours during a work week.

29.     Defendants failed to pay plaintiffs at no less than the minimum wage rate

and/or at the overtime premium wage rate they were entitled to receive under the NYLL.

30.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs the amount due each of them as minimum wages and/or as overtime wages.

31.     Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid minimum wages and unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(Plaintiffs were to be paid prevailing wages and fringe benefits for their NYCHA work)**

32.     Plaintiffs repeat and reallege paragraphs 1 through 31 as if fully set forth herein.

33.     The defendants through agreement and contracts with the NYCHA and other third parties and under applicable law and regulation were obligated to pay plaintiffs for their work at NYCHA locations and perhaps other locations as well at the prevailing wage rate plus pay supplemental benefits.

34.     The plaintiffs are third party beneficiaries of and to such laws and regulations and contracts or agreements.

35.     Defendants are in breach of such contracts and agreements and in violation of applicable laws and regulations and in having failed to make such payments to the plaintiffs as they were due.

36.     The named defendants are believed to have mislead and misrepresented to others that plaintiffs were paid at the prevailing wage rate together with supplemental benefits for the work they performed as defendants' employee at NYCHA locations; or mislead and misrepresented to others that plaintiffs were not entitled to payment of prevailing wages and supplemental benefits; or that plaintiffs did not perform such work at NYCHA locations; mislead and misrepresentation the actual work hours of the plaintiffs; that in furtherance of such scheme and conspiracy the defendants caused to be prepared, executed and filed certain written documents making false reports and false claims as to the facts and details concerning the employment of the plaintiffs including but not limited to the their identity, the nature and manner of their work, the hours and dates of their work, the rates of the wages and benefits actually paid to them and otherwise.

37.     The individually named defendants based on the facts including their respective positions, authority and status are personally liable for unpaid wages and sums that were and remain  due the plaintiffs for the work, labor and services they performed.

## FAILURE TO PROVIDE WAGE STATEMENTS

38.     Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39.     Pursuant to the provisions of Article 6 of the NYLL, with each payment of wages the defendants were to provide to the plaintiffs an accurate statement of their wages and all of the information required but failed to do so on numerous occasions.

40.     Pursuant to the provisions of Article 6 of the NYLL, the defendants were to

provide to the plaintiffs wage statements and wage notices in accordance with and containing the information required under law and regulation as required under law but failed to do so on numerous occasions.

41.     Defendants are liable to the plaintiffs for damages accordingly to be assessed at the time of trial or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a.     finding that defendants have violated the wage provisions of the FLSA and NYLL and applicable agreement and contract by failing to pay plaintiff what he is due for work performed;

b.     finding that defendants have violated the overtime provisions of the FLSA and NYLL and applicable agreement and contract;

c.     finding that defendants have violated the prevailing wage and supplemental benefit requirements of applicable contract and agreement and law and regulations;

d.      finding that the defendants failed to comply with Article 6 of the NYLL;

e.     finding the defendants' various violations of the applicable law and regulation and agreement and contracts to have been willful;

f.     awarding plaintiff monetary damages in accordance with the facts;

g.     awarding damages as a result of the defendants' failure to comply with Article 6 of the NYLL;

h.      awarding plaintiff liquidated damages;

i.      awarding plaintiff pre-judgment and post-judgment interest under the

NYLL;

j.      awarding plaintiff a sum representing reasonable attorneys' fees;

k.      awarding the plaintiff the costs and disbursements of this action;

l.      awarding plaintiff such other relief as the court deems just and proper.

Dated:  Kew Gardens, New York
        December 9, 2019

JONATHAN SILVER ESQ.(7924)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 316
Kew Gardens, New York 11415
(718) 520 1010