UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JAGDEV SINGH;
KULDEEP SINGH

                              Plaintiffs,                       SECOND AMENDED COMPLAINT
          -against-                                           19 CV 6927

MANDEEP KAUR;
MANMOHAN SINGH;
TALICO CONTRACTING INC.;
NEELAM CONSTRUCTION CORPORATION;
WESTERN SURETY COMPANY

                              Defendants
-----------------------------------------------------------------------X

Plaintiffs as and for their second amended complaint as against the defendants allege as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid prevailing wages, unpaid supplemental benefits and other monies due plaintiff from defendants pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq.("NYLL") and applicable contracts and agreements, plaintiff having work at construction sites at various locations within New York City. In addition, plaintiffs seek to enforce those obligations as against the defendants based on their status as general contractors of various work sites where the plaintiffs were employed and/or its status as surety and guarantor of the obligations of the co-defendants

to assure and make payment of wages and benefits due the plaintiffs at the various work sites locations.

2. In addition, the employer of the plaintiffs failed to provide to them proper wage notices and wage statements as required by applicable law and regulations and is liable for damages under Article 6 of the NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337 and 1343 and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law and contract and agreement pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as plaintiffs reside in Queens within the Eastern District of New York.

## THE PARTIES

Plaintiffs

5. Plaintiffs both reside in Queens and were employed at construction sites within New York City by defendants MANDEEP KAUR, MANMOHAN SINGH and TALICO CONTRACTING INC.( "EMPLOYERS") , their respective agents, servants, employees and assigns.

6. Plaintiffs were the employees of EMPLOYERS within the meaning of the FLSA and the NYLL and the EMPLOYERS were subject to the provisions of the NYLL and the FLSA and applicable contracts and agreements including contracts involving the defendants.

7. Specifically, plaintiff KULDEEP SINGH was employed by EMPLOYERS

from approximately November 2014 until early March 2018. He worked erecting and taking down scaffolds. His locations of work varied during that period of time. During the weekdays, Monday through Friday, plaintiff worked at locations consisting of properties owned, managed, operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA). Those locations include properties and/or developments known as ATLANTIC TERMINAL, BORINQUEN PLAZA, GRAMPION, JAMES WELDON JOHNSON HOUSES, REDFERN HOUSES, SEWARD PARK EXTENSION, SHELTON HOUSES, WOODSIDE HOUSES, BLAND HOUSES AND THOMAS JEFFERSON HOUSES. He worked on Saturdays at NYCHA properties twice each month and on the other Saturdays he worked at various other locations that he believes are not NYCHA properties. He generally worked starting at 7 AM until 5 PM. He had a 30 minute lunch break. He was paid in cash at the rate of $120.00 per day until sometime in 2015. Then he was paid by check in varying amounts.

8. Specifically, plaintiff JAGDEV SINGH was employed by EMPLOYERS from approximately May 2013 until mid March 2018. He worked erecting and taking down scaffolds. His locations of work varied during that period of time. During the weekdays, Monday through Friday, plaintiff worked at locations consisting of properties owned, managed, operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA). Those locations include properties and/or developments known as ATLANTIC TERMINAL, BORINQUEN PLAZA, GRAMPION, JAMES WELDON JOHNSON HOUSES, REDFERN HOUSES, SEWARD PARK EXTENSION, SHELTON HOUSES, WOODSIDE HOUSES, BLAND HOUSES AND THOMAS JEFFERSON HOUSES. He worked on Saturdays at NYCHA properties twice each month and on the other Saturdays at various other locations that he believes are not NYCHA properties. He generally worked starting at 7 AM until 5 PM. He had

a 30 minute lunch break. He was paid in cash at the rate of $120.00 per day until sometime in 2015. Then he was paid by check for varying amounts.

Defendants

9. Defendant TALICO CONTRACTING INC ("TALICO") is a New York corporation that was engaged in construction work and during the period of plaintiffs employment TALCIO performed certain construction activities at sites around the City of New York.

10. Defendant TALICO is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. It has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

11. Defendant MANDEEP KAUR is a natural person engaged in business in the City and State of New York and was engaged in construction work and performed certain construction activities at sites within New York City; is believed to be an owner, stockholder, principal, officer, managing agent, agent of the defendant corporation; it is believed that she exercised sufficient control over the operation of the defendant corporation to be considered plaintiffs' employer under the FLSA and NYLL and applicable law and regulation, agreements and contracts and at all times material herein established and implemented the pay practices at the defendant corporation.

12. Defendant MANMOHAN SINGH is a natural person engaged in business in the City and State of New York and was engaged in construction work and performed certain construction activities at sites within New York City; is believed to be an owner, stockholder,

principal, officer, managing agent, agent of the defendant corporation; it is believed that he exercised sufficient control over the operation of the defendant corporation to be considered plaintiffs' employer under the FLSA and NYLL and applicable law and regulation, agreements and contracts and at all times material herein established and implemented the pay practices at the defendant corporation.

13. Defendant NEELAM CONSTRUCTION CORPORATION ("NEELAM") is a New York corporation that was engaged in construction work and during the period of plaintiffs employment NEELAM performed certain construction activities at sites around the City of New York.

14. Defendant WESTERN SURETY COMPANY ("WESTERN") is a New York corporation that is engaged in providing forms of insurance as surety and otherwise of certain construction work and during the period of plaintiffs employment provided such insurance or certain construction activities at sites around the City of New York involving defendants TALICO and NEELAM and at which the plaintiffs were employed..

### THE LAW REGARDING "PREVAILING WAGES"

15. The plaintiffs performed construction work at various NYCHA locations within the City of New York and under law and regulation they were to be paid at the prevailing wage rate and also paid supplemental benefits applicable to such work and such prevailing wages and supplemental benefits were due each of them in accordance with agreements and contracts made by the defendants with third parties including but not limited to the NYCHA.

16. It is also believed that EMPLOYERS promoted a scheme to fraudulently report to others including the NYCHA who was working at the various locations, the hours such persons worked, the nature and manner of work being performed by the persons such as the plaintiffs,

the wages paid to plaintiffs, the rates at which those wages were paid and other information so as to garner for their own personal benefit or for the benefit of each other additional sums that were rightly due the plaintiffs but pocketed by EMPLOYERS.

17. Such actions and representations were in violation of law and regulation and agreement and contract of which the plaintiff's were third party beneficiary.

## FAILURE TO PAY MINIMUM WAGES AND OVERTIME PREMIUM WAGES AND FOR ACTUAL HOURS WORKED

18. The FLSA and NYLL require that employers pay all employees at a rate no less than the applicable minimum wage rate and an overtime premium rate of one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

19. The plaintiffs performed work for a period in excess of 40 hours per week but were not paid at a rate equal to or greater than the applicable minimum wage rate nor were they paid at the premium rate applicable to the overtime hours each worked

20. EMPLOYERS did not pay plaintiffs any overtime premium for hours worked in excess of forty (40) in a given week.

21. EMPLOYERS did not regularly record the actual hours worked by the plaintiffs.

## PLAINTIFFS WHEN PAID BY CASH WERE NOT PROVIDED THE OTHER INFORMATION EACH WAS TO RECEIVE UNDER APPLICABLE LAW AND REGULATION

22. Plaintiffs were sometimes paid by cash.

23. EMPLOYERS failed to provide plaintiffs as required under the NYLL wage statements and wage notices with information as is required therein including: the dates of

work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether they were being paid by the hour, shift, day, week, salary, piece, commission, or otherwise; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed and net wages.

## FIRST CLAIM

(Fair Labor Standards Act-Unpaid Overtime)

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as if fully set forth herein.

25. EMPLOYERS were required to pay plaintiffs no less than at the applicable minimum wage as well as at the rate of one and one-half (1½) times the regular rate for all hours they worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

26. EMPLOYERS failed to pay plaintiffs wages at least equal to the minimum wage rate and/or failed to pay plaintiffs at the overtime premium wages they were entitled to receive for their work.

27. EMPLOYERS have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs the wages each was due as described above.

28. Due to EMPLOYERS violations of the FLSA, plaintiffs are entitled to recover their respective unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post- judgment interest and other relief as allowed by applicable law.

## SECOND CLAIM

(New York Labor Law-Unpaid Overtime)

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as fully set forth herein.

30. Under the NYLL and supporting regulations, EMPLOYERS were required to pay plaintiffs at no less than the minimum wage rate and at one and one half (1½) times their regular rate for all hours each worked in excess of forty (40) hours during a work week.

31. EMPLOYERS failed to pay plaintiffs wages at least equal to the minimum wage rate and/or failed to pay plaintiffs at the overtime premium wages they were entitled to receive for their work as mandated by the NYLL.

32. EMPLOYERS have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs the amount due each of them as minimum wages and/or as overtime wages.

33. Due to EMPLOYERS willful violations of the NYLL, plaintiffs are entitled to recover their unpaid minimum wages and unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM

(Plaintiffs were to be paid prevailing wages and fringe benefits for their NYCHA work)

34. Plaintiffs repeat and reallege paragraphs 1 through 33 as if fully set forth herein.

35. The EMPLOYERS and defendant NEELAM through agreement and contracts with the NYCHA and other third parties and under applicable law and regulation were obligated to pay to plaintiffs and/or to assure that plaintiffs were paid for their work at the

prevailing wage rate plus pay supplemental benefits were paid for their work at NYCHA locations and perhaps other locations .

36. The plaintiffs are third party beneficiaries of and to such laws and regulations and contracts or agreements.

37. The EMPLOYERS and defendant NEELAM are in breach of such contracts and agreements and in violation of applicable laws and regulations and in having failed to make such payments to the plaintiffs as they were due or to assure that plaintiffs were paid the sums they were due.

38. The EMPLOYERS are believed to have mislead and misrepresented to others that plaintiffs were paid at the prevailing wage rate together with supplemental benefits for the work they performed as EMPLOYERS employees at NYCHA locations; or mislead and misrepresented to others that plaintiffs were not entitled to payment of prevailing wages and supplemental benefits; or that plaintiffs did not perform such work at NYCHA locations; mislead and misrepresentation the actual work hours of the plaintiffs; that in furtherance of such scheme and conspiracy the defendants caused to be prepared, executed and filed certain written documents making false reports and false claims as to the facts and details concerning the employment of the plaintiffs including but not limited to the their identity, the nature and manner of their work, the hours and dates of their work, the rates of the wages and benefits actually paid to them and otherwise.

39. The individually named defendants based on the facts including their respective positions, authority and status are personally liable for unpaid wages and sums that were and remain due the plaintiffs for the work, labor and services they performed.

## FAILURE TO PROVIDE WAGE STATEMENTS

40. Plaintiffs repeat and reallege paragraphs 1 through 39 as if fully set forth herein.

41. Pursuant to the provisions of Article 6 of the NYLL, with each payment of wages EMPLOYERS were to provide to the plaintiffs an accurate statement of their wages and all of the information required but failed to do so on numerous occasions.

42. Pursuant to the provisions of Article 6 of the NYLL, EMPLOYERS were to provide to the plaintiffs wage statements and wage notices containing the information and to obtain confirmation that plaintiffs received such information as required under law and regulation but failed to do so on numerous occasions.

43. EMPLOYERS are liable to the plaintiffs for damages accordingly to be assessed at the time of trial or otherwise.

## OTHER OBLIGATIONS OF NEELAM AS GENERAL CONTRACTOR

44. Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45. NEELAM served as general contractor at various NYCHA construction sites at which the plaintiffs were employed by EMPLOYERS and/or contracted for and hired EMPLOYERS as subcontractors at various NYCHA construction sites NYCHA construction sites at which the plaintiffs were employed by EMPLOYERS.

46. NEELAM through agreement and contracts with NYCHA and other third parties and under applicable law and regulation was obligated to assure that plaintiffs were paid the sums they were due including overtime work, work at minimum wage, prevailing wages and supplemental benefits.

47. NEELAM failed to do so and is liable to the plaintiffs.

## CLAIMS AGAINST WESTERN

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49. WESTERN issued various surety or payment bonds and/or other forms of insurance ("BONDS") in connection with construction activities performed by TALICO and/or NEELAM at various NYCHA construction sites at which the plaintiffs were employed and worked as described above.

50. Plaintiffs were not paid the wages they were due under applicable agreement, law and regulation for the construction work they performed at the site of the above construction projects as described above.

51. The BONDS by their terms and conditions provide for and authorize plaintiffs to bring a direct claim to be paid what they are due for the work they performed on the construction projects described above.

52. Demand has been made upon WESTERN and NEELAM to make payment to the plaintiffs of the sums they are due for the work they performed but such payments have not been made.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment jointly and/or severally as the case may be as against defendants as follows:

a. finding that EMPLOYERS have violated the wage provisions of the FLSA and NYLL and applicable agreement and contract by failing to pay plaintiff what he is due for work performed;

    b.    finding that EMPLOYERS have violated the overtime provisions of the FLSA and NYLL and applicable agreement and contract;

    c.    finding that EMPLOYERS and NEELAM have violated the prevailing wage and supplemental benefit requirements of applicable contract and agreement and law and regulations;

    d.    finding that EMPLOYERS failed to comply with Article 6 of the NYLL;

    e.    finding that EMPLOYERS and/or NEELAM'S various violations of the applicable law and regulation and agreement and contracts to have been willful;

    f.    awarding plaintiff monetary damages in accordance with the facts as against each of the named defendants;

    g.    awarding damages as a result of the failure of EMPLOYERS to comply with Article 6 of the NYLL;

    h.    awarding plaintiff liquidated damages;

    i.    awarding plaintiff pre-judgment and post-judgment interest under the NYLL;

    j.    awarding plaintiff a sum representing reasonable attorneys' fees;

    k.    awarding the plaintiff the costs and disbursements of this action;

    l.    awarding plaintiff such other relief as the court deems just and proper.

Dated: Kew Gardens, New York
       June 2, 2020

                                                                 JONATHAN SILVER ESQ.(7924)
                                                                Attorney for Plaintiffs
                                                                80-02 Kew Gardens Road, Suite 316
                                                                Kew Gardens, New York 11415
                                                                (718) 520 1010