UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAGDEV SINGH;
KULDEEP SINGH

         Plaintiff

              AFFIRMATION

  -against-

              **EDNY 19 CV 6927**

MANDEEP KAUR;
MANMOHAN SINGH;
TALICO CONTRACTING INC.;
NEELAM CONSTRUCTION CORPORATION;
WESTERN SURETY COMPANY
-----------------------------------------------------------------X

  JONATHAN SILVER, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms under the penalties of perjury:

  1. I am the attorney for the plaintiffs in the above entitled action and I am fully familiar with the facts and circumstances of this case.

  2. I submit this Affirmation to support this application to be relieved as the attorney of record for the plaintiffs in this action.

  3. This action was commenced on behalf of the plaintiffs seeking on their behalf damages against the named defendants based on allegations of unpaid wages, unpaid overtime wages, unpaid prevailing wages and fringe benefits due them from the defendants.

  4. Plaintiff's alleged in their complaint as follows:

    5. Plaintiffs both reside in Queens and were employed at construction sites within New York City by defendants

MANDEEP KAUR, MANMOHAN SINGH and TALICO CONTRACTING INC.( "EMPLOYERS") , their respective agents, servants, employees and assigns.

6.     Plaintiffs were the employees of EMPLOYERS within the meaning of the FLSA and the NYLL and the EMPLOYERS were subject to the provisions of the NYLL and the FLSA and applicable contracts and agreements including contracts involving the defendants.

7.     Specifically, plaintiff KULDEEP SINGH was employed by EMPLOYERS from approximately November 2014 until early March 2018. He worked erecting and taking down scaffolds. His locations of work varied during that period of time. During the weekdays, Monday through Friday, plaintiff worked at locations consisting of properties owned, managed, operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA). He worked on Saturdays at NYCHA properties twice each month and on the other Saturdays he worked at various other locations that he believes are not NYCHA properties. He generally worked starting at 7 AM until 5 PM. He had a 30 minute lunch break. He was paid in cash at the rate of $120.00 per day until

sometime in 2015. Then he was paid by check in varying amounts.

8. Specifically, plaintiff JAGDEV SINGH was employed by EMPLOYERS from approximately May 2013 until mid March 2018. He worked erecting and taking down scaffolds. His locations of work varied during that period of time. During the weekdays, Monday through Friday, plaintiff worked at locations consisting of properties owned, managed, operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA). He worked on Saturdays at NYCHA properties twice each month and on the other Saturdays at various other locations that he believes are not NYCHA properties. He generally worked starting at 7 AM until 5 PM. He had a 30 minute lunch break. He was paid in cash at the rate of $120.00 per day until sometime in 2015. Then he was paid by check for varying amounts.

5. These allegations were made by this office based on various conversation with the plaintiffs as well as based on certain documents presented by them to me at that time which plaintiffs indicated were the records of their employment for the period of time in question.

6. In seeking to obtain further records from the plaintiffs in order to

comply with the defendants' counsels demands, the plaintiffs came to my office

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ [redacted]

8. In conversations about these new documents, the clients also informed me ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ [redacted]

9. As had been previously directed by the Court, both plaintiffs have already been deposed even before documents were exchanged. Plaintiffs testified that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ [redacted]



12. An attorney may seek to withdraw when it becomes unreasonably difficult for the lawyer to carry out employment effectively. (Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]).

13. It is the general rule that an attorney may terminate the attorney-client relationship "at any time for a good and sufficient cause and upon reasonable notice" Matter of Dunn, 205 NY 398, 403; see, Code of Professional Responsibility DR 2-110 [22 NYCRR 1200.15])."Irreconcilable differences

between the attorney and the client with respect to the proper course to be pursued in the litigation" can give rise to a good basis to withdraw. <u>Winters v Rise Steel Erection Corp.</u>, 231 AD2d 626. 

14. It is requested that this application to withdraw be granted under such terms as would be just and proper

WHEREFORE, the undersigned prays that the relief requested herein be granted and that the undersigned have such other and further relief as is just and proper.

Dated: Kew Gardens, New York
November 16, 2020

JONATHAN SILVER